Proceedings

is looking for, I would suggest, your Honor,
that something south of 10, and certainly
something in the 7 or 8 year neighborhood is
what we would be looking for.

Obviously, if your Honor had changed
your mind and was thinking of a sentence
further south on the totem pole than that,
then I certainly would welcome that.

THE COURT:  You would not object.

MR. ROSS:  Right.  But that's from us,
under the circumstances, what we would be
looking for.

THE COURT:  Let me hear from
Mr. Bogdanos, just to get his position.  I
don't think it's ever been placed on the
record as to this issue.

MR. BOGDANOS:  Certainly.

There are two or three, indeed,
overriding factors:

One, this is not the defendant's first
brush with the law, we are clear with that.
Your Honor can read the RAP sheet just like I
can, so let me move on to the incident at
hand.

Proceedings

What we have in the truest sense of the word, indeed, the paradigmatic sense of the word is an unprovoked attack. What Mr. Greene did was brush up against Dominick Florio in a crowded club, and Mr. Florio flew into a rage. There's no other way to describe what he did to him; took a Champagne bottle and smashed Mr. Greene from behind on the head.

While, clearly, based on the defendant's statements later on, and the defendant's family's statements later on, there appears to be some racial bias aspect to it, it's not an argument that the People plan on making in front of the jury, and it is not a strong enough argument that the People rest our entire argument on, or would, in any way, suggest that the sentence should be increased because of that. But it comes back at you, looking at the incident here, all of the circumstances as they will unfold before your Honor, it comes back again and again that the color of Mr. Greene's skin had something to do with the attack, or with the rage into which Mr. Florio flew, be that as

Proceedings

it may.

And even putting that aside, what you are left with is an unprovoked attack in which George Green's life has changed forever. Forever. Sure, he can go to work and he can function on a decent level, but he can't do all the things he did before that day. He can't do any of those things anymore. He can't ever engage in any kind of strenuous sports activity without the fear that something is going to happen to him; he is going to have a seizure. His life has changed forever.

Months ago, when this case was indicted, and I first presented this case in Part 70 for arraignment, my note to that Assistant indicated that the People are recommending 20 years. I have seen nothing over the course of the last 6 months to change that number, so it remains the People's position that for what he did on that day, Dominick Florio should receive a sentence of 20 years.

It's still less than forever.

THE COURT: In other words, after

Proceedings

trial, or whether it is after trial or on the
plea?

MR. BOGDANOS: Right, there's no
punishment for trial. He should go away for
20 years, six-sevenths of 20 years.

He's still better off than George Green.

THE COURT: That is your position?

MR. BOGDANOS: Yes, sir.

THE COURT: Anything further, counsel?

MR. ROSS: Judge, with respect to the
notion that there's any significant racial
bias at work here, I just don't think that
Mr. Bogdanos has anything that would indicate
at the time that this happened, all of the
good faith bases that he would have, that he
may urge your Honor, if he actually tries
this case, to be permitted to ask Mr. Florio
about, if he were to take the stand in his
own defense, come up after the fact.

It's true that the complainant's skin
color is that of an African American and that
my client is Caucasian, but in the bar,
itself, there were no racial comments. There
were no indications of --

Proceedings

1

2          THE COURT:   I don't think Mr. Bogdanos

3     is saying there was.

4          MR. BOGDANOS:  Absolutely true, I agree.

5          MR. ROSS:  No, no, I understand that.

6     So that to the extent that your Honor would

7     be considering that as an aspect to an

8     increased punishment, here, I would suggest

9     to the contrary.

10          THE COURT:   I wouldn't.  I wouldn't,

11     but certainly, I have to consider all the

12     other factors, and some of them are more

13     serious than others, obviously.

14          And again, I think I understand the

15     positions of both sides, that you are looking

16     for a sentence in a certain neighborhood, and

17     Mr. Bogdanos is advocating a much longer

18     sentence.

19          MR. ROSS:  Yes.

20          THE COURT:   And I am not going to

21     commit myself to a number, I am not going to

22     do it.

23          What I would do is, I would consider

24     everyone's position.  And I could tell you,

        certainly, this is an easy thing to say, that

Proceedings

should he go to trial and be convicted, he

would get a significantly longer sentence if

he's convicted of Attempted Murder or Assault

in the First Degree, than he would on the

plea.

MR. ROSS: Yes.

Judge, may I make one request of

your Honor?

THE COURT: Yes.

MR. ROSS: And that is, that today is

the first day that we have had access to

Dr. Vingiano's final report, so may I ask

your Honor to review that?

THE COURT: I will do it this

afternoon.

MR. ROSS: And to see if, on reading

that and reflecting on my remarks today on

the record, whether or not you could make or

extend a sentence commitment?

THE COURT: I don't know if this case

is going to be resolved that way, it might

not be. It might be where I say, because we

are on the eve of trial, that I might say,

you will make all I this known to me on the

Proceedings

sentence date, everything that you want to

say or everything you want to submit, and so

will Mr. Bogdanos, and I'll make a decision.

It might be a situation like that, where the

defendant has to make a choice on how he

wants to proceed. Of course, it will be

significantly worse should he go to trial and

stand before me convicted of these crimes.

    MR. ROSS: I understand.

    THE COURT: Significantly worse, as far

as he goes, on position of sentencing then.

    Should he admit his guilt freely and

openly, I would certainly take that into

consideration, along with everything else,

and give him what I would consider a lesser

sentence, certainly, than should he be

convicted.

    MR. ROSS: Thank you, judge.

    THE COURT: Let's come back on

Wednesday at 2:15. And counsel, I am

speaking to everybody at the defense table,

this case is going forward Wednesday at

2:15. Either we will have the hearing or it

will be a disposition.

Proceedings

1
2          If there is a hearing on Wednesday, you
3     should be able to complete it Wednesday
4     afternoon, and then the schedule is for jury
5     selection on Thursday. There are no other
6     commitments here.  I don't want to be calling
7     other judges, having to page you or calling
8     cell phones, having to find people. Everyone
9     should be here at 2:15 on Wednesday.
10          Mr. Mure?
11          MR. MURE:  I will be here, judge,
12     hopefully in the capacity of assisting
13     Mr. Ross.  That is what my position is.
14          THE COURT:   Whatever capacity, everyone
15     is welcome at the counsel table.  Mr. Florio
16     will be well represented, certainly, and we
17     will proceed on Wednesday the 9th at 2:15.
18          MR. BOGDANOS: Thank you, judge.
19          MR. ROSS: Thank you.
20               * * * * * * * * *
21
22
23
24

Proceedings

REPORTER'S CERTIFICATION

Certified to be a true and accurate transcript of the original stenographic notes.

_2-8-00_
Dated

_Denise M Huntington_
DENISE M. HUNTINGTON, RPR, CSR
SENIOR COURT REPORTER

# APPENDIX, E, (1)

①

4/23/09

Supreme Court, Appellate Division
First Department
Departmental Disciplinary Committee
61 Broad-Way
New York, N.Y. 10006
Joel Peterson Legal Assistant
RE: Docket No. 2009.0467

#00A5699
Dominick Florio
Attica Corr. Fac
Box 149
Attica N.Y. 14011-0149

To Disciplinary Committee,
     This letter is in response to the above complaint number.
A.D.A. MR. Bogdanos submitted a response brief to my complaint.
This Complainant disagree's with MR. Bogdanos Brief response. The
point this Complainant would like to bring to this Committee's attention
are as following:

     1. On the A.D.A appearance documents this documents
appears to be suspect. A.D.A. Exhibit A,
See line 13, Date on cal. 1/25/00 A.D.A. Scoppetta. Mr. Scoppetta ask
for a adjournment, because A.D.A. Bogdanos is on military duty.
The case gets adjourned to 2/9/00. See Remark Section. If you look
at this document and go to line 15 of the Cal Date you see someone crossed
out that 2/9/00 date. Someone also put by the remark section advanced to
2/7/ 2:15. Now line 16 date on cal. Remarks state the following: PR. D
tries to fire D.C. Chuck Ross, but takes Dc Joe. more as legal adviser.
Adjourned to 2/9/00 215 for H/R.

On 2/9 mr. Bogdanos appearance sheet states remarks Section: All
defense motions denied no jurors availb. Adjourned to 2/14 for jury selection.

     This Complainant would like to bring to this Committee's attention

This defendant hates to say this document Mr. Bogdanos submitted to this committee is a fraud. I would ask this committee to obtain the original docket appearance sheet from the D.A's offices and it will prove someone added to that document. I also would ask this committee to summarily dismiss A.D.A Bogdanos response brief because once again misconduct was committed. How in the world this A.D.A. did not log in the February 10, 2000 Sandoval hearing. What I think happen here someone duplicated this docket document and changed the date and remark section because it just dont add up.

I wish to put on this record for the past 9½ year I never would have known about this February 7, 2000 Court appearance. This date was hidden from me and my appellate counselor for the past 9½ years. I wish to put into this record that Someone in the court office filing room blanked out on the court appearance docket sheet, the date of February 7, 2000. I would ask this committee to get a copy of all person's that signed for access to those files. In my 440.10 and on my direct appeal this February 7 2000 appearance would of proved all my claims of ineffective assistance of trial counsel if it was provided to me and my appellate counselor.

2. A.D.A. Brodanos state on his response brief page 7. "The psychiatric defense was discussed by counsel on the record, looking at exhibit B, I would like to bring to the committees attention a few facts I want to add. A.D.A. Bogdanos still does not prove from these minutes that he had such a conversation; which defense first considered and then decided against raising any psychiatric defense. Mr. Bogdanos states this conversation was a side bar. In those minutes you dont see anyone asking for a side bar. To make my point very clear that that conversation never took place in the present of the defendant the judge and defen

Clearly and I mean clearly shows that the judge, the defendants and the defendants new attorney were not part of that conversation. (See Exhibit B, page 15 of ADA Response brief to Florio's complaint.) So what we can see from this new evidence Mr. Bogdanos submitted was a private conversation he had with Mr. Ross about discusing my defense, not only did Mr. Bogdanos engage in misconduct about motion practice off the record, Mr. Ross as well went over with the ADA about my defense. I will be filing disciplinary action on Mr. Ross, as well in the future. I now know why these minutes were hidden from me for the past 9½ years. Because my defense attorney was having private meeting about the case with Mr. Bogdanos. Exhibit B. Joseph Mure affidavit. Mr. Mure never even seen the pyschiatric report. This Complainant finds it strang that Mr. Bogdanos never contacted Mr. Ross about this complaint and get an affidavit in support his claim. I would like this committee to contact Defense Counsel Charles Ross and get a statement from him of the off the record side bar about discussing the defendants defense options.

3. On Bogdanos response to Complaint Procedural History Section P.6. Once again Mr. Bogdanos is mistating his own facts on this new brief. He now chosen to add to that procedural history of facts; (The court appointed the defendant a second defense attorney)due to the defendants hostile relation ship with Counsel] I wish he put this on his Response motion to defendants 440.10 the first time. So once again Mr. Bogdanos is misrepe-senting his own statement of facts (See exhibit B) of original complaint the defendant filed to this committee. I also would like this committee to please take note that A.D.A. Bogdanos is still trying to cloud the facts, by stating [the court appointed a second attorney] Both attorney's were retained by the defendants family.

4. Also this complainant would like to amend this Complaint with a Brady/Rosario Violation committed by A.D.A. Bogdanos. Mr Bogdanos State on his response brief that he has extensive training on Brady/Rosario issues.

I would like show this committee Mr Bogdanos once again committed misconduct. ADA Bogdanos withheld 2 pieces of evidence on the Discovery Sheet. 1. Is a 911 Tape made February 17, 1999 and 2: Medical Aided Card. This A.D.A handed over this copy of the Discovery list Mark Exhibit C. If you look at the Section Where it states 911 Tape its blank out also blanked out is the medical Aided Card. I have obtained an original copy from the court and if you look a the Section Where the 911 Tape, there is a check there, Also there is a check by the Aided Card. (See exhibit C, (2) on the peoples Voluntary Disclosure Form on P.6. There is a check mark by Tapes and electronic Recordings①. There seems to be a problem with Someone blanking out Court documents from court appearances to Brady/Rosario material.

(① Exhibit D, Voluntary Disclosure form)

I Dominick Florio ask this Committee to look into these matters of misconduct by ADA Matthew Bogdanos. I am doing 15 years for a bar fight. It was my first felony and I did not receive a fair trial. Do to Mr. Bogdanos misconduct and my defense attorney Charles Ross which I am filing a complaint in the future with this Committee.

January 5, 2009

EASTERN NY Corr. Fac.
Box 338
Napanoch NY 12458
Dominick Florio # 00A5699

Appellate Division
First Department

RE: People V. Florio #6115-99 (603. Conduct of Attorney)
603.4 Sub 2 (c),(3) (e) (t) (i)(ii) IN Violation of Rules DR1-102
1200.3.(A) 1, 3, 4, 5.

Complaint Department,

    This Complaint is in reference to District Attorney Matthew
Bogdanos, One Hogan place New York, New York 10013

    The herein defendant filed a motion to vacate on 4/21/08
C.P.L 440.10 Hon. C. Solomon Supreme Court of the State of New York
County of New York 100 Centre Street New York NY 10013. On Claiming
ineffective assistance of trial Counsel for Counsel's failure to raise
an intoxication defense and mental defect in behalf of this defendant,
Just to mention a few.

    The people in response filed a memorandum of law on October 3.
2008, by Matthew Bogdanos. Consequently, I filed a reply to respondents
opposition to his motion. (Exhibit B) The Particular Claims raised by
the people Challenging My motion to vacate were; (that defendant's claims
are procedurally barred) factually inaccurate

A Prosecutor should not knowingly offer false evidence. ABA Code of Professional Responsibility. DR1-102 1200.3.(A) 1,3, 4,5.

Looking further into this matter, and then consulting with my attorney MR. Joseph Corozzo 260 Madison Ave New York N.Y., and after going over Mr. Bogdanos brief. We made a decision to Contact the attorney in question Joseph Mure and inquire from him about the February 7, 2000 date mentioned in the prosecution response in opposition to defendant's motion to vacate. and any possible conversation Mr. Mure had with the leading defense attorney Charles Ross regarding that particular date. Afterward, we decided to send mr. mure, a sum of questions so he can answer them in his own words. (See Exhibit D)

Mr. Mure in his integrity and ethical obligation responded to said letter and provided the attached in response to the question presented by defendant in his own hand writing on defendant's letter. (See Exhibit D) This letter came on December 11, From the office of Joseph Mure JR Associates 26 Court Street Brooklyn NY.

Mr. Bogdanos the District Attorney Stated under oath and on the record that my leading defense attorney and Attorney Joseph mure had a conversation in front of him and on the record on Feb 7 2000 Where my attorney's considered and then decided against raising any psychiatric defense. Enclosed is the questionnaire letter sent to Joseph Mure dated November 22, 2008 asking <u>if</u>, and <u>when</u> this conversation took place. (Exhibit C)

Mr. Mure Statement Clearly Supports my argument that no Such Conversation took place on such date (See Exhibit C, B) District Attorney Bogdanos Knowingly offered false evidence in his opposition brief. Placing himself under oath on the record for which I am officially filing disciplinary proceedings for

psychiatric report, never mind discussing and psychatric defense.
He stated and "quote";

Question: "MR. Mure did you and MR. Ross discussed any trial strategy for my defense".

Answer: "At first there was no trial strategy then we discussed self defense". (See Exhibit D)

Mr. Bogdanos is blatanly committing willful misconduct and an attempt to persuade the court by using deceit, dishonesty and reprehensible methods of misconduct Committed Voluntarily and intentionally. In Violation ABA codes DR1-102 1203.3. 1,3,4,5. I would like the Conplaint board to please look into this matter of misconduct.

Thank You!

Dominick Florio

Duly Sworn before me

This 2ⁿᵈ day of January 2009 ~~2008~~

NOTARY PUBLIC

Notary Public State of New York
Thomas J. Briggs
ID# 01BR6137871
My Appointment Expires 12/05/2009



APPENDIX F. (I)

Supreme Court Of The State of New York
APPELLATE Division First Department x
THE PEOPLE OF THE STATE OF New York
                    RESPONDENT

          - against -
DOMINICK FLORIO
                    DEFENDENT x

NOTICE OF MOTION
FOR APPLICATION
FOR LEAVE TO APPEAL
PURSUANT C.PL 460.15
45 D.15

Indictment # 6115/99

PLEASE TAKE NOTICE, that the above named defendant/Appellant will move this Court for an application before Appellate Division First Department, appointed Honorable presiding Justice, for the Supreme Court, on April 20 2009, at 10:00 o'clock in the forenoon of that day, for a cerificate pursuant to Section 460.15 of Criminal Procedure Law. Defendant is requesting permission Certifying that this case involves a question of law and facts, Which ought to be reviewed by the Appellate Division: First Department, Appellant Term: from the decision and order rendered on February 24, 2009, order by the Supreme court New York County (Charles J. Solomon,) denying Defendant's motion to **RENEW** C.P.L.R. 2221:9 Submitted on January 21th 2009, and affirmed the judgment convicting the Defendant of a Class B Felony of Assault in the first degree one count. Sentencing the Defendant to a 15 year determinate prison Sentence at a New York State prison.

No previous application has been made on the above caption matter to this Court, From this dicision and order rendered on February 24, 2009, Motion to RENEW C.P.L.R 2221:9. Please be advised this motion to renew the Defendant filed, was from a motion to vacate judgment pursuant to 440.10, and this Defendant filed for a leave for permission to appeal from a decision and order on January 9, 2009. This Defendant needs to file this leave for permission for grant to appeal to this Court, because he wants to perserve the issues on the motion to Renew. And this is the right procedure to do so – The reason the Defendant filed a motion to Renew, the Defendant received two affidavits in support of his Claims of ineffective assistance of trial counsel. These two affidavits [also] Supports the Defendant's Claim the People Submitted false perjured testimony into Evidence. See exhibit motion to Renew, B, Amend Renew B.

2221.(e) 3. A motion for leave to Renew, shall be based upon new facts/evidence, shall contain reasonable justification for failure to present such facts on the prior motion.

The Defendant would like this Courts permission Granting a leave application for leave to appeal Pursuant C.P.L. 460.15.

Submitting the motion to Renew 2221.9 was based upon facts, that was not offered in Defendant's prior motion to vacate, if so it would have Changed the prior decision, denying the Defendant's motion to Vacate judgment Pursuant to 440.10 (See exhibit 'A')

1.    The premise of this Appeal is while defendant was awaiting for the decision of his pending motion to Vacate, he Consulted the Services of attorney Joseph Corozzo 260 Madison Ave, New York, N.Y. and after going over ADA Bogdanos brief. This attorney Suggested to Contact trial Counsel Joseph Mure and inquire from him about the February 7, 2000 date in question. The Defendant then took some time to locate the Court appearance list and Such date does not appear to indicate the Defendant and his two trial Counsels were present on February 7, 2000. See motion to Renew exhibit B

The A.D.A. Bogdanos Submitted under oath and on the record on their Response brief that, "On February 7, 2000 after a lengthy and thorough motion practice in which defense first Considered and then decided against raising any psychiatric defenses" Then the court oppointed the Defendant a Second trial attorney. (See exhibit C, A.D.A. Response motion)

This evidence Submitted by Mr. Bogdanos was Known to be false. Defendant brang this to the Courts attention when he Submitted the motion to Renew 2221.9 C.P.L.R. exhibit B,

440.10 motion to Vacate Facts

②

Defendant filed on April, 21, 2008. Notice of motion to Vacate judgment Pursuant to Criminal Procedure Law 440.10 (f)(g)(h), In the Supreme Court of the State of New York, New York County: Criminal Term located at 111 Centre street, New York, New York 10013 (Defendant raised the following issues of ineffective assistance of Counsel). (See exhibit A)

1. Defense counsel failed to investigate and present evidence of defendants mental disease/defect at the time of incident; which denied his Due process right: mental disease or defect is a affirmative defense in a Criminal case, and his failure to produce such evidence, which could have been used to impeach complainants testimony at trial of his own actions at the time of the incident. Defendant's mental disease/defect Substantially negates intent" for criminal responsiblity as a result of mental disease/defect lacked substantial culpability to properly appreciate his actions conduct and the consequences at the moment of the occurrence of the crime: Defense attorney failed to call expart witness DR. William Vingiano Ph.D. hired by the defendant, to testify about the defendant's Profile Characteristic of pyschotic symptomatolgy, impulsivity, and poor judgment; failing to present into evidence a report done by Kings County Hospital diagnosing defendant with (Bipolar Type I manic episode, Psychotic R/o schizophrenic disorder).

2. Evidence of intoxication, Sufficienly warrant instructions on intoxication defense, where defendant's mental culpability has been diminished by intoxicant for a reasonable person to entertain doubt as to the elements of intent. (See exhibit A)

The above under lined Claims are in violation of the defendant's rights under the fifth, Sixth and Fourthteenth Amendments of the United tates Constitution, and those rights under Article 1 Section 6 of the York Constitution, also in violation of defendant's Due process ight and Equal protection guarantees, which extremely Prejudiced and prevented the defendant from obtaining a fair trial.

②

This evidence was never persented at trial by defense counsel, nor did the jury had an opportunity to view the Same.

3.    (Question of facts and law, which ought to be reviewed)

The Defendant Seeks this Courts review and permission for a Certificate to leave to appeal the decision and order rendered February 25, 2009, Denying the Defendants motion to Renew C.P.L.R 2221:9 See exhibit B(1)

This decision was renered by Hon. Charles Solomon was based on evidence that was Knowingly to be false. This evidence was persented by on A.D.A. Matthew Bogdanos on the people's response brief dated october 3, 2008 In their memorandom of law in response to the Defendants motion to Vacate C.P.L 440.10 (see exhibit C.)

A.D.A. Bogdanos Knowingly offered to the Court false perjured evidence in violation of A.B.A. Code of Professional Reponsibility DR.7-102 (A)(4)(5)(6) DR-7 (B)(2) P.L. 210.45, 210.40, Perjury And Related offenses

<u>Peoples Memorandom of Law</u>

Section 6. (Procedural History) That on February 17, 2000 after a leggthy and thorough motion practice, (in which the defense first Considered and then decided against raising any psychiatric defense)," the court appointed the defendant a Second defense attorney. see exhibit C

And the Defendants Claims are procedurally barred, factually inaccurate and legally unsupported. Section 4,

2221(e) C.P.L.R  <u>Facts of the Defendant's Case:</u> (Amend motion to Renew Inclosed)

Letter dated January 30, 2009 by defense attorney Joseph Mure JR. 26 Court Street Brooklyn NY 11242. RE: People V. Florio Indictment # 6115/99

Dear Mr. Florio

As you are aware, I was one of the attorneys retained to represent you in your Attempted Murder trial before Hon. Charles Solomon in Part 82 of New York County,

④

Your initial attorney of record was Chuck Ross. When I joined your defense team, the day before your trial was scheduled to commence, it appeared that yourself and Mr. Ross were having difficulty communicating with one another.

Upon being formally retained, we requested an adjournment for purposes of my being provided adequate opportunity to bring myself up to date regarding the specifics of your case in furtherance of our objective that I play a significant role alongside Mr. Ross in your defense. Judge Soloman denied this request.

Inasmuch as I was not provided sufficient time to act in the role of lead counsel, Mr. Ross maintained that role throughout trial. I reviewed evidence on your behalf and attempted to assist Mr. Ross as his second to the best of my abilities given the circumstances. I did not interview any witnesses at the trial nor was I provided the opportunity to review your medical records.

My role was thus very limited to assisting in the formulation of a trial strategy and acting as an intermediary between yourself and Mr. Ross given the apparent breakdown in your respective lines of communication. See motion to Renew Amend B,(3)

This statement and response by Mr. Mure' clearly supports ineffective assistance of trial counsel in its entirety, which is the core of defendants motion to vacate. Also Mr. Mure statement clearly supports my Renew motion that No mental defense was ever discussed. Mr. Bogdanos knowingly offered false evidence in his opposition brief. Placing himself under oath on the record while introducing false statements. See motion to Renew P.7, sub 14. exhibit B,
and sub 4 Before Mr. Mure sent this letter to the defendant. Defendant Consulted with his new defense attorney about the february 7, 2000 court

apperance cited by the people. Defendant looking through his legal files found the Court apperance sheet and that February 7 2000 date does not exist. See Renew motion exhibit B, exhibit Suction B, 2221(e)(3) Afterward the defendant decided with his new attorney to contact attorney Joseph Mure, and inquire of any Conversation that he had with the leading defense attorney Charles Ross and A DA Bogdanos about not raising a psychiatric defense on that particular date of February 7, 2000. Afterward the Defendant decided to submitte to Mr Mure a series of questions in writing regarding the Conversation on the above date. Mr. Mure in his integrity and ethical obligation responded to Said letter on December 11, 2008, And provided in his response to the questions presented by defendant, in his own handwriting on defendants letter. This letter was the reason why the defendant filed a motion to Renew 2221.9(e)(3) The timing of this letter was sent a couple of weeks before the Court made their decision which denied the defendants motion to Vacate on December 23, 2008. The defendant brought forth to attorney Mure Six questions indicated in the enclosed exhibit, to which he responded as follows:

1) In what capacity were you hired in my case?

A) At first your family wanted me to take over the case two days before trial.

2) Did you have adequate time to prepare for my case?

A) I told them that I could not prepare for trial in two days. No I did not have adequate time to prepare for your case, thats why I did not try it.

3) Did you go over all discovery materials?

A) As to discovery, I believe I read thru everything given to me.

4) Did you interview any of the witness that testified?

A) I did not interview any witnesses that testified.

5) What trial strategy did you and Mr. Ross discussed for my defense?

A) At first there was no trial strategy then we discussed self defense.

6) Did you ever see any medical records on my behalf by Doctor William Vingiano Ph.D Report, and kings County Hospital Report that was hired by florio family?

A) I don't believe, any medical records were provide to me.
(See Renew B exhibit A)

The timing of which this evidence was obtained. 2221.(e)(3)
Do to the decision ~~Federd~~ rendered on December 23, 2008, The Defendant
Florio was going to have attorney Joseph Corozzo make a request
to the court in order to amend defendant's motion to vacate. Due
to the time this newly discovered evidence was obtained. Defendant's
time limitation, it was impossible to do this, because the court had
already made a decision on this matter. Carriage House Realty CO. V.
Conlon 493 NYS 2d 687 (city ct. 1985)(See Renew/Amend Renew)
The only way the Defendant can bring this newly discovered evidence to
the courts attention was filing a motion to Renew 2221:9. Which the
court denied without an opinion. (See exhibit B, 1, 2

This intentional submission of false statements by the people
in this case is an affront to the courts authority, and a disregard
to New York State Laws, ABA Criminal Standerds §3-5.6 (a) ABA Professional
Standerds and the U.S Constitution. (Prosecution should not knowingly offer false
evidence) ABA Code of Professional Responsibility DR-7-102 (A)(4)(5)(6)
DR 7-102 (B)(2) The prosecution in their opposition brief made (false) sworn
allegation to the facts introduced in their opposition to Defendants motion
to vacate 440.10 C.P.L (when they alleged that on mentioned date;)
(i.e. February 7, 2000). Defense counsel opted not to introduce a psychiatric
defense, in the defendents behalf. See exhibit C.

The Defendant prove that the A.D.A submitted this false statement with the
~~the~~ affidavits in support sent by defense attorney Joseph Mure.

⑦

(EXHIBIT ___ Both decisions and order)

4. Decision and order dated December 23, 2008 received by the defendant on January 12, 2009. The Court based their decision on the following: Defendant did not raise the issue of ineffective assistance of trial Counsel on his direct appeal and he is procedurally barred from collaterally attacking his conviction in a motion pursuant to 4410 People V. Pedraza 56 A.D. 390 (1 Dept 2008)

Note: The Court does not cite any trial page transcript, nor does the A.D.A. on his response brief to get the Defendant procedurally barred. (See exhibit C ___ The facts of the matter is all the issues the Defendant raised, not one of them were part of the trial record. Thats why they did not cite anything on the brief and decision and order. The only evidence that they claim was "on the record" was the February 7 date, that was false to say the least.

In People V. SHIELDS Jr. 800 NYS2d 584 Defendent was entitled to a hearing on postconviction motion in which he asserted claim of ineffective assistance. Affidavit supporting claim involved matters which did not appear on the record.

Also on the Courts decision and order, they do not mention any law on the Claims Defendant make of not calling to testify an expert witness DR. William Vingiano to testify to the mental state of the Defendant psychiatric profile. (See exhibit B(2) Also motion to Vacate exhibit A.)

Appellate Division, held that issues of whether trial Counsel's omission to present psychiatric testimony in support of insanity defense amounted to ineffective assistance, (could not be resolved on affidavits upon motion to vacate) but rather a hearing was required. (People V. Smith (3) 21 AD 2d 471 A.D. 1 Dept 2003) (People V. NAU 800 NYS2d 585 2ᵈ Dept 2005)

Decision and order Page 4

⑧

5. To the extent that Defendant Complains about matters outside the record, his motion is deficient in that it offers only his own Self-Serving after-the-Facts affidavits and does not include an affidavit from trial Counsel. See People v. Rogers. (8 AD3d 888, 3d Dept 2004) Additionally, the defendant does not offer any explanation for his failure to include Such affidavit. (People v. Morales 58 NYS2d 1008, 1993) (People v. Stewart, 295 AD2d 249, 1 Dept 2002) 99 NYS2 540, Cert denied 538 U.S. 1003.

The Defendant on his motion to Renew 2221:9 Proves both Case law the people Cite Stewarts, and Rogers. By Submitting two affidavits by defense attorney Joseph Mure. The Court Chosen not to write an opinion on the motion to Renew. It was well settled that all the case law cited by the Court and the people are moot in light of this newly discovered evidence the Defendant presents to this Court. (see exhibit B,1,3)

The Defendant make this Claim, that the Courts decision and order was based on false evidence. Hon Charles Solomom on December 23, 2008 and February 25, 2009 did not render these decision based on law or facts in the case. furthermore he Sided with the A.D.A with his false perjured evidence. The Court does not Cite any trial minutes to fight the Defendants claims. exhibit B,(2)    ADA does not Cite any trial minutes on their brief to support the motion. And the Court Seen it fit to affirm the conviction with (no evidence).

Dominick Florio, the defendant in the above entitled Captioned matter acting pro se, hereby affirms the following to be true under penalty of Perjury.

Wherefore it is respectfully request this court to ~~complete~~ **take** this motion that was denied on February 25, 2009 motion to Renew. ~~with the~~ ~~~~ For permission for Grant for a leave to appeal. Requesting your Honorable permission to leave to appeal to this Court.

DANIEL J. DAREL
NOTARY PUBLIC, STATE OF NEW YORK
CERTIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES 10/29/10
REGISTRATION NO. 01DA6194226

Respectfully Submitted

Sworn to, before me.
To 9th day of March 2009

NOTARY PUBLIC

Dominick Florio

⑦

Supreme Court of The State
of New York, Appellate Division
First Department

AFFIDAVIT OF SERVICE

THE PEOPLE OF THE STATE OF
NEW YORK.

Indictment No. 6115/99
New York County

    Plaintiffs - Respondents

       - against -

         Appellant

Dominick Florio

Dominick Florio herein duly sworn and deposes and say:
That I have forewarded a true copy of the enclosed, Notice of
Application Permission Granting Certificate for leave to Appeal to the
Appellate Division First Department. Please take notice that 1 copy of
the inclosed documents indicated above was placed into a sealed envelopes
and simultaneously deposited in the mail box at Collins Corr. Fac. P.O
Box 340 Collins, New York 14034 and forwarded via United States
Postal Services on the __18__ day of March 2009 to the below
listed parties. Statements made herein are punishable by law under
Penalty of perjury.

Supreme Court of the State
of New York, County of New
York, Criminal Term
111 Centre Street
New York, N.Y. 10013

Robert M. Morgenthau
New York County
District Attorney
One Hogan place
New York, N.Y. 10013

DANIEL J. DAREL
NOTARY PUBLIC, STATE OF NEW YORK
CERTIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES 10/29/12
REGISTRATION NO. DA6194226

Duly Sworn before
The 9th day of March 2009

Daniel J. Darel    x
NOTARY PUBLIC

Respectfully Submitted

Don B Flo    x

Dominick Florio



$$F_{.(1)}$$

April 28, 2009

Dominick Florio(00-A-5699)
Attica Corr. Fac.
Box 149
Attica, N.Y. 14011-0149

Re:  People v. Dominick Florio
     Ind. #6115/99, M-1957

Dear Mr. Florio:

This is in response to your letter dated April 23, 2009.
The above-listed motion for Certificate (M-1957) has a calendar
date of May 28, 2009.

Yours truly,

DEPUTY CLERK
David Spokony

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : FIRST DEPARTMENT

COPY to D. Florio

SUPREME COURT APPELLATE DIVISION
FIRST DEPARTMENT

BEFORE: Hon. Richard T. Andrias,
           Associate Justice

------------------------------------X

The People of the State of New York,

                               M-1957
                               Ind. No.  6115/99

           -against-                 CERTIFICATE
                                DENYING LEAVE

Dominick Florio,

                Defendant.

------------------------------------X


    I, Richard T. Andrias, a Justice of the Appellate Division,

First Judicial Department, do hereby certify that, upon

application timely made by the above-named defendant for a

certificate pursuant to Criminal Procedure Law Section 460.15,

and upon the record and proceedings herein, there is no question

of law or fact presented which ought to be reviewed by the

Appellate Division, First Judicial Department, and permission to

appeal from the Order of the Supreme Court, New York County,

(Charles Solomon, J.), entered on or about February 24, 2009,

which denied defendant's motion to renew his prior motion

pursuant to CPL 440.10, is hereby denied.


Dated:  New York, New York
       June 11, 2009


ENTERED JUN 1 8 2009

                      _____
                      Justice of the Appellate Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dominick Florio
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Andrew Cuomo
Attorney General
State of New York

10 Civ. 998 (SHS) (JLC)

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Dominick Florio , declare under penalty of perjury that I have
*(name)*
served a copy of the attached Order to Show Cause
*(document you are serving)*
upon Andrew Cuomo whose address is 120
*(name of person served)*
Broadway New York NY 10271
*(where you served document)*
by U.S. Postal mail
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Attica , NY
*(town/city)* *(state)*

March 29, 2010
*(month)* *(day)* *(year)*

Signature

Box 149
Address

Attica NY
City, State

14011-0149
Zip Code

Telephone Number