UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dominick Florio,
                Petitioner,

     -against-

Andrew Cuomo, Attorney General
State of New York,
                Respondent,

10-CV-998(SHS)(JLC)
28 U.S.C. 2254

SHOW CAUSE IN RESPONSE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/2/10

PRO SE OFFICE

State of New York, County of Wyoming.

I Dominick Florio declare under the penalty of perjury that the foregoing is true and correct as I believe it to be.

1) I am the petitioner and I'm proceeding Pro-Se, with the assistance of a Law Library Clerk.

2) Petitioner is familiar with the question and facts of Law regarding to 28 U.S.C. 2254. For a Writ of Habeas Corpus.

3) This is an answer pursuant to 28 U.S.C. 2244(d)(1)(B) AND 2244(d)(1)(D) ordering this petitioner to Show Cause dated March 10th, 2010, by Andrew J. Peck, United States Magistrate Judge. Demanding that this petitioner should Show Cause why he shouldn't be time barred under the A.E.D.P.A. of 1996, of the one year Statute of Limitations.

4) The Antiterrorism and Effective Death Penalty Act of 1996 established a one year Statute of limitations on filing a 2254 petition for a Federal Writ of Habeas Corpus for State prisoners. See 28 U.S.C. 2244 (d). Generally the one year time limit will start on the day after petition for Certiorari is denied.

5) There are three special circumstances that can extend the statute of limitations for a 28 U.S.C. 2254.

(i) Removal of any state imposed impediment that unconstitutionally prevented the filing of such a petition. See, 28 U.S.C. 2244(d)(1)(B).

(1)

(II) The Supreme Court announced a new retroactive legal right on which a claim is based and applicable Constitutional Right. See, 28 U.S.C. 2244 (d)(1)(c).

(III) The discover of new facts supporting petitioner claim that he is legally not guilty as a result of mental disease/defect. This Disorder that this petitioner has, should have been brought to the courts attention. But the New York County District Attorney and as well, one of the defense Attorney's, Charles Ross, concealed the medical reports. Even with due diligence, petitioner would have not been able to discover the facts, before the one year statute of limitations, 28 U.S.C. 2244(d)(1)(d).

6) This petitioner has a long history and very well documented proof of a psychiatric mental disorder. See Exhibit A, 440.10. Exhibit (A) on petitioners Habeas Corpus. (See 18 U.S.C. 424(b), (1994) of C.P.L. Section 730. A psychiatric examination of a defendant, must be required before a competency hearing is held. (See, Drope V. Missouri 420 U.S. 162. 176-79 (1995). New York City Department of Correctional Services upon taking petitioner into custody ordered a psychiatric examination which was performed at Kings County Hospital in Brooklyn, New York. See 440.10, Exhibit (A). Mr Florio had a history and exhibited a pronounced irrational behavior. See, Silerstein v. Henderson 706 F2d 361 (1983). In Drope the court found that in light of the defendant's attempted suicide during which the state erred in failing to suspend the defendant's trial in order to conduct a psychiatric examination. See, 420 U.S.C. 162, 178-82, (1975) id at 180. The Court noted that a trial court must always be alert to the circumstances suggesting a change that would render the accused unable to meet the standereds of competency to stand trial. id at 180.

7) The effects of schizophrenic disorder exacerbrated by reduced brain function is a mood and behavioral disorder that involves elements of paranoid schizophrena/menia. This petitioner was diagnosed with the above disorder, and BiPolar Type 1, manic episodes psychotic R/O. And an impulse control disorder.

See, 440.10 Exhibit (A), Kings County Hospital. Bipolar manic depressive is a diagnosis in the sense that people with schizophrenic disorder suffer depression, but they each manage their illnesses for a long period of time and more or less fit in on the fringes of society.

8) The affects of schizophrenic, hear voices that do not exit, that is just one aspect of this disease. Those voices leads to paranoia. This is an example what these disorders can cause. See, Buchanan v. Kentucky 483 U.S. 402, 424-25 (1987). Benn v. Greiner 275 F. Supp.2d 371. New York prisoner failure to challenge, on direct appeal, his competency to stand trial did not constitute an independant, adequate state ground immune from attacking in Federal Habeas Corpus,

Also see, Benn v. Greiner 275 F.Supp. 2d 371 (2003). In Benn v. Greiner, Judge Weinstein held that petitioner psychiatric problems made it impossible for him to file timely habeas petition, and thus, one year limitations period was equitably tolled.

9) This petitioner has the exact situation as the Benn v. Greiner case and his one year time period made it impossible to file timely. I ask this court to equitably toll the one year time limit do to the mental state of this petitioner. See Appendix (A) Kings County medical Records/William Virgiano inclosed.

10) This petitioner found out about his medical problems in 2004 in Eastern Correctional Facility. Until that day the Department of Corrections will not release my medical records from the year 1999-2000.

11) This petitioner stated on his C.P.L. 440.10 that the defense counsel Charles Ross and Joseph Mure did not bring to the courts attention the mental problems that he suffered. See 440.10. On the response brief that was done by A.D.A. Bogdanos. He stated he had a conversation on the record with the Judge present, stating he discussed with defense about raising a psychiatric defense

(3)

and my defense attorney Charles Ross chose not to go with that defense. The date that hearing took place was on Feb. 7th, 2000. In his response brief he does not produce the minutes to the Feb.7th, 2000 hearing. At that time I called one of the defense attorney's that handled my trial, Joseph Mure, and asked him if he spoke with the District Attorney about going with a psychiatric defense. Mr. Mure stated he did not have any such conversation with the A.D.A. He also stated the lead attorney, Charles Ross, never provided him with the medical records showing what mental problems this petitioner has.(See motion to review, Amend Renew, Appendix B. Enclosed). Also, enclosed is Appendix D, that of the Feb. 7th, 2000 Court date and it does not state they discussed raising a psychiatric defense. That court date was concealed from me for the past 10 years. The only reason petitioner received this was petitioner filed a displinary proceeding on A.D.A. Bogdanos stating he committed perjury on his response brief when he said he had a conversation of Feb.7th, 2000.

Your Honor, this A.D.A. went so far as to conceal this Court date, it was blacked out on my court appearance sheets. See Memorandom of Law in response to the Defenders C.P.L. 440.10, on original petition.

12) On 9/24/99, Kings County Hospital, Brooklyn, New York Department of Psychiatric medical records according to Hon. Charles Solomon, Supreme Court State Of New York, December 23, 2008, on his decision and order denying the petitioner's C.P.L. 440.10 motion states the following: Petitioner was diagnosed only after he was incarcerated in the custody of the New York Dept. of Corrections. See Decision and Order, Appendix C. Benn v. Greiner 275 F.Supp. 371 (EDNY)(2003). Petitioners psychoses was manifested in prison in part due to inadequate mental health services, and in part due to his failure to take his medication and his illogical and irrational decision to discontinue on his own self diagnosis, refusing all psychiatric medication.

13) Although the Supreme Court articulated the specific criteria to determine whether sufficent doubt exists, it has recommended that the fact finder to

consider evidence of a defendants irrational behavior, his demeanor at trial, and any prior medical opinion warranted the Court to hold a psychiatric examination. See, Drope 420 U.S. at 180. See Pate v. Robinson 383 U.S. 375, 385 (1966). See Turress v. Prunty 223 F.3d 1103, 1109. (CA 9 2000). Barnett v. Hargett 174 F.3d 1128, 1135-36 (Chio 1999). See e.g. United States v. Auen, 846 F.2d 872, 878 (CA 1988).

14) Domincik Florio has met his burden by the preponderance of the evidence that his very serious mental disorder has impeded his ability to file a 28 U.S.C. 2254 before and after November 2004. See, Medina v. California 505 U.S. 437, 446-68 (1992) id at 445, See Grodinez v. Muran 509 U.S. 162, 171-95 S.Ct. 896 43 Led 2d 103 (1975). See 28 U.S.C. 2244 (d)(1). See, Smith v. McGinnis 208 F.3d. 13, 17 2d Cir. 2000. Benn v. Greiner 275 FSupp. 21d 371 (EDNY 2003).

15) Petitioner is also claiming that the New York County District Attorney's office created an imperdiment in violation of the Constitution of the United States which prevented petitioner from filing. See 28 U.S.C. 2244 (d)(1)(B). See eg. Edmond v. United States Attorney 959 F. Supp. 1, 4 (DDC 1997), Brady v. Maryland 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97 (Led 2d) 215, 218 (1963). See also Rules R. 9 (a) Advisory Committee notes which state that Subdivision (a) is not... a statue of limitation, rather, the limitation is based on the equitable document of Laches [a delay in enforcing rights that disadvantage another to this case, the state].

16) (1) The New York County District Attorney's office concealed the existance of the petitioners mental defect affirmative exqulpatory defense, material evidence. By concealing the Court records of Feb. 7th, 2000. (II) Petitioners remained in ignorance of the violation of his first amendment, petition Claus Right, fifth, and fourteenth amendmenet due process and equal protection clause right to seek a 2254 petition. (III) That his continued ignorance was not the result of lack of diligence, but because the New York

(5)

County D.A. refused to release requested material. See New York v. Hendrickson Bros Inc., 840 F.2d 1065-1083 (CA 1998).

17) Courts have overwhelming held that even when the issue of freudulent concealment involves both common and individual questions of whether in this instant cause, the District Attorney office's concealment of material evidence relating to petitioners incompeteness to stand trial, dominates over individual questions regarding the conduct of A.D.A. Mathew Bogdanos and defense counsel Charles Ross knowledge of Due Diligence. This petitioner found out for the first time during his Supreme Court State of New York Appellate Division First Department Disciplinary Committee, that was filed by this petitioner against A.D.A. Mathew Bogdanos. Which on April 4th, 2009, petitioner was served with a reply brief that on Feb. 7th, 2000 there was a possible psychiatric defense that was discussed between Defense Counsel Charles Ross and Bogdanos. A review of the Feb. 7th, 2000 record does not reflect such a defense was ever discussed with the Court or with the defendant and Co-Counsel Joseph Mure. Such a defense was never discussed, neither does Co-Counsel Joseph Mure have any recalection of such a discussion. See Motion to Renew, Amend Renew. See, 28 U.S.C. 2244(d)(1)(B), Edmond v. U.S. Attorney, 959 F.Supp. 1, 4 (DDC 1997). See enclosed appendix (D), Feb.7th, 2000 that was part of A.D.A.'s Exhibit.

18) Laches does not bar petitioner 28 U.S.C. 2254 claims, Laches ground is inadequit, because if applied it will deprive petitioner of an opportunity to be heard on it's claim of Federal Right. The doctrine of Laches can bar equitable relief in cases where a claimant's delay has resulted in prejudice to the respondent. See Murphy v. Timberlane Reg'l Sch. District, 22 F.3d 1186, 1189 (CA 1, 1994). For Laches to bar a claim for equitable relief, petitioner delay must be unreasonable and must result in prejudice to the respondent. See, Brincerhoff-farrs Trust and Savings Co. v. Hill, 28 U.S.C. 673, 682 (1930). Petitioner could

not have sought 28 U.S.C. 2254 relief prior to receiving information regarding his right to an affirmative defense regarding his mental disease/defect disorder. The New York County District Attorney's office does not have an open file policy for post conviction, and they as a matter of policy denies freedom of information requests. This information became available only after a disciplinary complaint was filed against A.D.A. Bogdanos. A.D.A. Bogdanos in defending himself against petitioners disciplinary had no problem with obtaining the court files, trial records, pre-trial submissions and Grand Jury minutes. He had no problem with recalling the facts of both the prosecutor's case in Chief and petitioners purported defense strategies after almost 10 years. See, Disciplinary complaint Appendix (E,1). Thus, the Due Process branch of the adequacy doctrine acts. Whether petitioner had a reasonable opportunity to present the relevant contention in the State Court proceeding. See, Brinkerhoft-farrs Trust and Savings Co. v. Hill 28 U.S. 673, 681 (1930). Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

In the assessing this question the court may use an applied analysis. See Baxley, 355 U.S. 313, 333 (1958)(Frankfuters, J joined by Chark, J dissenting). Relief should not be barred by Laches, where no prejudice resulted from delay. The Laches analysis by definition, is a fact-intensive inquiry who then, or not relief is to be barred for Laches, must depend upon the particular circumstances of each case.

19) Petitioner would like to bring to this Courts attention of a Final Order by Hon. Richard T. Andrias of the Appellate Division, First Department, Dated June 18th, 2009. Denying certificate for leave C.P.L. 460.15. See Appendix (F)(1). This motion that was denied was a C.P.L.R. 2221:9, A motion to Renew.

(i) A motion to renew is based on new proof, which is one differance from a motion to reargue. (It also differs from a motion to re-argue in its Appellate

(7)

consequences. On a motion to Renew, an Order either way is appealable. See, Urben v. Maloney 334 N.Y.S. 2d 122).

(ii) The motion to renew this petitioner filed was based on new proof of ineffective assistance of trial Counsel. The proof was a letter sent to this petitioner by defense Attorney Joseph Mure, who represented petitioner at trial. Mr. Mure makes some damaging statements about how petitioners lead Counsel Charles Ross withheld petitioners medical records from him. (See motion to Renew, and Amend Renew, Appendix (B)). See Gomez v. Jaimet 350 F3d. 673 (7th Cir 2003). See Garcia v. Portuondo 459 F.Supp. 267. In Gomez v. Jaimet: In seeking to use actual innocence showing solely as basis, or gateway, for Federal Habeas review of his otherwise procedurally barred claim of ineffective assistance of trial counsel, which was based on Counsel's failure to call him to testify, petitioner was not required to establish that new evidence upon which he relied was "Newly Discovered", rather, all that was required was that new evidence was reliable and was not presented at trial, 28 U.S.C.A. 2254. Review of otherwise procedurally defaulted claims, if petitioner comes forth with evidence that was genuinely not present to the tier of fact, then no bar exists to Federal Habeas Courts's evaluation of whether such evidence is strong enough to establish petitioners actual innocence. 28 U.S.C.A. 2254.

In Garcia v. Portuondo the Court states: Post conviction Court unreasonably applied clearly established Federal Law in rejecting ineffective assistance claim.

(iii) As petitioner stated in his original Federral Habeas Corpus, the Appellate Division, First Department's Clerk inadvertently filed the appeal under C.P.L. 460.15, that is appeal by permission. Petitioner appealed the denial of a motion to Renew C.P.L.R. 2221:9 that allows direct appeal.

The appeal was denied under both the above sections. See Urben v. Maloney 334 N.Y.S. 2d 122. See Appendix (F). Note: Petitioner was confused on what statute to appeal. So he wrote to the clerk of the Court and filed the motion

with both statutes, 450.15 and 460.15. And told the clerk to file it under the right statute. He filed in wrong, under 460.15. See Certificate Denying Leave. Appendix (F)(1).

(iiii) Case in point: If a motion to renew pursuant to C.P.L.R. 2221:9 is appealable by right. This petitioner has a one year window for filing a 28 U.S.C.A. 2254 before being time barred under the A.E.D.P.A. A final judgment that was made by Justice Richard T. Andrias was on June 18th, 2009. See Appendix (F)(1).

20) The false perjured testimony that A.D.A. Bogdanos submitted on his response brief to defendant's C.P.L. 440.10 motion to vacate was a violation of clearly established Federal Law. Under the Fourteenth Amendment U.S.C.A., when a conviction was obtained through use of false evidence known to be such by representatives of the State. See Drake v. Portuondo 553 F.3d 230 (2nd Cir 2009). See motion to Renew, Amend Renew, Exhibit (A). A conviction must fall under the Fourteenth Amendment. When the state although not soliciting false evidence, allows it to go uncorrected when it appears. The evidence at hand is A.D.A. Mathew Bogdanos made false statements to get the petitioners C.P.L. 440.10 motion affirmed. When this petitioner brought this misconduct to the courts attention the court denied the motion to renew without a hearing. Your Honor, it's ironic because on Judge Solomon's decision it states: To the extent that defendant complains about matters outside the record, his motion is deficient in that it offers only his own self-serving, after the fact affidavit and does not include an affidavit from trial Counsel. Additionally, defendant does not offer any explanation for his failure to include such affidavit. See Appendix (C) page 4.

Your Honor, before Judge Solomon sends me his ruling. I'm already in contact with one of the defense attorney's that handled the trial. At that time I send him a question to answer. See motion to Renew and Amended Renew, Appendix (B).

The only way I can get this new facts in is by a motion to Renew, C.P.L.R. 2221:9. The reason I contacted the defense attorney was because I wanted to know if it was true if there ever was a conversation on Feb.7th, 2000 [About counsels considered and then decided against raising any psychiatric defense] by defense attorney's Charles Ross and Mr. Mure. That statement by A.D.A. Bogdanos was clearly false when he made them on his response brief to this petitioners 440.10. See Drake v. Portuondo 533 F.3d 230 (2d Cir 2009). See motion to Renew, Amend Renew. In Drake, where the prosecution knew or should have known that the witness testified falsely. Was a reversable error. Here in this petitioner's case the judge was put on point about the false perjured testimony and clearly disregarded Mr. Mure's statements and still ruled in favor of the A.D.A. Clearly violating Federal Law and violating petitioners U.S.C.A. Fourteenth Amendment Right, and Equal Protection under the Law. Appendix (B) Renew decision and Order.

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) in 28 U.S.C. 2254 (d). Hawkins v. Costello, 460 F.3d 238, 242 (2d. Cir. 2009). Applying AEDPA deference, a Federal Court may grant a Writ of Habeas Corpus if the state court's adjudication on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal Law as determined by the Supreme Court of the United States." 28 U.S.C. 2254 (d)(1). Clearly established Federal Law... refers to the holdings, as opposed to the dicta, of [The Supreme] Court's decisions as of the time of the relevant state courts decision. Williams v. Taylor 529 U.S. 362, 412, 120 S.Ct. 1495, 146 Led 2d 389 (2000). A state courts findings of facts are "presumed to be correct" unless rebutted "by clear and convincing evidence". That clear convincing evidence this petitioner has is his defense counsels affidavit stating: There was a brake down in communication with petitioner and lead attorney Charles Ross. Hon. Solomon denied Mr. Mure time to prepare for trial. At any time the court or lead defense provide him the

(10)

opportunity to review the petitioners medical records. Mr. Mure's role was very limited to assisting in the formulation of a trial strategy. See Amend Renew, Appendix (B). 28 U.S.C. 2254 (e)(1). See also Drake, 321 F.3d at 345.

When evidence to support the findings, on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed. Doe v. Menefee, 391 F.3d 147, 164 (2d Cir 2004). (quoting Anderson, 470 U.S. at 573, 105 S.Ct. 1504).

Supreme Courts holdings have long "established that a conviction obtained through use of false evidence, known to be such by representatives of the state, must fall under the Fourteenth Amendment". Napue v. Illinois 360 U.S. 264, 269, 79 S.Ct. 1173, 3 Led 2d 1217 (1959) (Emphasis added).; See also United States v. Agurs 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.ed 2d 3421 (1976); Giglio v. United States 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed 2d 104 (1972).

In having interpreted Supreme Court precedent as holding that "if it is established that the Government knowingly permitted the introduction of false testimony, reversal is virtually automatic". Shin We Su, 335 F.3d at 127. In this petitioners case at hand, Both the prosecutor and the judge, knew his statement was false. When brought to the courts attention, Honorable Charles Solomon knew the prosecutor statements was false as well, and still denied the motions. Honorable Solomon should of took some time and did due diligence on that Feb. 7th, 2000 date that A.D.A. Bogdanos never produced and see if the conversation took place, which it didn't. He did not. Honorable Charles Solomon based his decision and order on A.D.A. Bogdanos false statements and Judge Solomon stated: "I am procedurally barred from raising the issue of ineffective assistance because it was on the record and I could of raised it on direct appeal. See Appendix (C) page 4.

WHEREFORE, this petitioner respectfully requests that his 28 U.S.C. 2254,

should be aloud to proceed and to be adjudicated on the merits; together with further relief as may the court deem just and equitable.

Respectfully Submitted,

Dominick Florio, 00A5699

Executed and served on this ___ day of March, 2010.